UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE TELLO,

       Petitioner,                                        Hon. Richard Alan Enslen

v.                                                          Case No. 1:06-CV-821

SHIRLEE HARRY,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to Respondent's Motion for Summary Judgment. (Dkt. #17). Respondent asserts that Tello's petition for writ of habeas corpus is untimely and, therefore, barred by 28 U.S.C. § 2244(d). In accordance with 28 U.S.C. § 636(b), the undersigned recommends that Respondent's motion be **denied**.

**BACKGROUND**

Following a jury trial, Petitioner was convicted of four counts of First Degree Criminal Sexual Conduct and one count of Second Degree Criminal Sexual Conduct. (Trial Transcript, February 24, 1999, 5-8). Petitioner was subsequently sentenced to serve 20-40 years in prison. (Sentencing Transcript, March 31, 1999, 16).

Petitioner appealed his conviction to the Michigan Court of Appeals. Petitioner's appeal was denied on November 28, 2000. (Dkt. #36). Petitioner then moved in the Michigan

Supreme Court for leave to appeal this determination, a request which the court denied on June 26, 2001. (Dkt. #37). Petitioner did not appeal the matter to the United States Supreme Court.

On July 15, 2002, Petitioner moved in the trial court for relief from judgment, a request which was denied on July 25, 2002. (Dkt. #21). Petitioner appealed the matter to the Michigan Court of Appeals, which denied Petitioner's request on March 11, 2004. (Dkt. #40). Petitioner appealed this determination to the Michigan Supreme Court which likewise denied Petitioner relief on December 29, 2004. *Id.*

On January 14, 2005, Petitioner filed a second motion for relief from judgment in the trial court, which was denied on March 31, 2005. (Dkt. #21, 38). Petitioner subsequently moved in the Michigan Court of Appeals for leave to appeal the trial court's determination. On April 7, 2006, the court "dismissed for lack of jurisdiction" Petitioner's request on the ground that "the defendant cannot appeal the denial or rejection of a successive motion for relief from judgment." (Dkt. #38). The court further held that Petitioner could not satisfy the standard relevant to claims of newly discovered evidence. *Id.* Petitioner then moved in the Michigan Supreme Court for leave to appeal. On October 31, 2006, the court denied Petitioner's request on the ground that he "has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (Dkt. #39). Petitioner initiated the present action for a writ of habeas corpus on November 16, 2006. (Dkt. #1).

## ANALYSIS

Tello's petition, filed November 16, 2006, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period within which an inmate

challenging a state court judgment must file his petition for writ of habeas corpus. The applicable statute of limitations provides the following:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

As noted above, Petitioner challenged his conviction on direct appeal in both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner relief on June 26, 2001. Because Petitioner did not appeal the matter to the United States Supreme Court, his conviction became final 90 days later on September 25, 2001. *See Gullatt v. Burt*, 2002 WL 1844312 at *1-2 (6th Cir., Aug. 9, 2002) (the 90-day period within which review can

be sought in the United States Supreme Court is calculated in § 2244(d)(1)(A)). Thus, unless the period of limitations was properly tolled, Tello's petition for writ of habeas corpus, filed on November 16, 2006, is untimely.

As detailed above, Petitioner pursued several avenues of post-conviction relief in the Michigan courts. As indicated in § 2244(d)(2), the limitations period is tolled when a "properly filed" post-conviction motion is "pending." To properly determine, therefore, the extent to which Petitioner's pursuant of post-conviction relief tolls the relevant limitations period, it is necessary to determine precisely what those terms mean.

As the Supreme Court has indicated, an application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Such "laws and rules" include those addressing "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* A properly filed application for State post-conviction or other collateral review is "pending," for purposes of § 2244(d)(2), "until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela v. Martin*, 348 F.3d 164, 172-173 (6th Cir. 2003); *see also*, *Stokes v. Williams*, 475 F.3d 732, 734 (6th Cir. 2007) (same).

The statute of limitations began to run on September 25, 2001, and was tolled 292 days later with the filing of Petitioner's July 15, 2002 motion for relief from judgment. Petitioner's application for relief was ultimately denied by the Michigan Supreme Court on December 29, 2004. Petitioner did not appeal the matter to the United States Supreme Court. As discussed above,

however, this particular application for post-conviction relief remained "pending" for purposes of the statute of limitations for an additional ninety (90) days or until March 30, 2005.

Before the statute began to run again, however, Petitioner filed in the trial court a second motion for relief from judgment. This application for post-judgment relief remained "pending" until Petitioner filed his petition for writ of habeas corpus in this Court. It would appear, therefore, that Petitioner's petition for habeas relief was timely filed. Respondent asserts, however, that because Petitioner's second motion for relief from judgment was dismissed by the Michigan Court of Appeals for failure to comply with Michigan Court Rule 6.502(G),[1] the filing of this particular application for post-conviction relief did not act to toll the statute of limitations. As the Supreme Court has expressly stated, however:

> an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . .the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

*Artuz*, 121 S.Ct. at 364 (internal citations omitted); *see also*, *Palmer v. Carlton*, 276 F.3d 777, 779 (6th Cir. 2002) (recognizing this standard).

While Petitioner's second application for post-judgment relief was denied for lack of merit, Respondent has presented no evidence that the application was not "properly filed" as defined by the United States Supreme Court. The Court concludes, therefore, that the filing by Petitioner of his second motion for relief from judgment was "properly filed" and, therefore, served

---

[1] This court rule addresses the circumstances in which a defendant may file successive motions for relief from judgment.

to toll the statute of limitations in this matter. The statute of limitations remained tolled until Petitioner initiated the present action for habeas relief. The Court concludes, therefore, that Petitioner's petition for writ of habeas corpus was timely filed. Accordingly, the Court recommends that Respondent's motion for summary judgment be **denied**.

## CONCLUSION

For the reasons detailed herein, the undersigned recommends that Respondent's motion to dismiss as untimely Tello's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 7, 2008

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge