UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE TELLO JR.,                                Case No. 1:06-CV-821

       Petitioner,                       Hon. Richard Alan Enslen

v.

SHIRLEE A. HARRY,
                                         **OPINION**

       Respondent.
                             /

       This matter is before the Court on Respondent Shirlee A. Harry's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of January 7, 2008, which recommended that this Court deny Respondent's summary judgment motion. Petitioner Jose Tello Jr. filed a Response on February 8, 2008 urging the Court to adopt the Report. The Court reviews the Objections, the Report, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(C). For the reasons set forth below, the Court finds merit in the Objections and will grant summary judgment to Respondent.

**I. BACKGROUND**

       Following a jury trial, Petitioner Jose Tello Jr. was convicted of four counts of First Degree Criminal Sexual Conduct and one count of Second Degree Criminal Sexual Conduct. Petitioner was sentenced to 20 to 40 years of incarceration. Petitioner appealed to the Michigan Court of Appeals, which denied relief on November 28, 2000. Petitioner thereafter moved for leave to appeal in the Michigan Supreme Court, which was denied on June 26, 2001. Petitioner did not seek a writ of certiorari from the United States Supreme Court.

       On July 15, 2002, Petitioner moved for relief from judgment in the Michigan trial court. This motion was denied on July 25, 2002. The Michigan Court of Appeals denied Petitioner's appeal on

March 11, 2004. On December 29, 2004, the Michigan Supreme Court denied Petitioner leave to appeal.

On January 14, 2005, Petitioner filed a second motion for relief from judgment in the Michigan trial court, which was denied on March 31, 2005. After moving for leave to appeal the trial court's determination, the Michigan Court of Appeals denied Petitioner's motion for lack of jurisdiction on April 7, 2006, concluding that "the defendant cannot appeal the denial or rejection of a successive motion for relief from judgment." (Dkt. No. 38.) Petitioner then moved in the Michigan Supreme Court for leave to appeal, which was denied on October 31, 2006. Petitioner filed the present habeas corpus petition on November 16, 2006.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56 limits the materials the Court may consider in deciding a summary judgment motion to "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). If affidavits do not meet the requirements of Rule 56(e), they must be disregarded. *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993).

The initial burden is on the movant to specify the basis upon which summary judgment should be granted and identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

While this analysis assumes the adequacy of discovery, a party cannot oppose summary judgment based on vague generalizations that discovery has been inadequate. Rather, under the language of Rule 56 and the caselaw of this Circuit, a party urging that discovery has been insufficient must file a specific affidavit establishing that "the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed. R. Civ. P. 56(f); *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995); *Klepper v. First Am. Bank*, 916 F.2d 337, 343 (6th Cir. 1990).

In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255).

## III. ANALYSIS

Respondent argues Petitioner's habeas corpus petition is time-barred. A petitioner seeking habeas relief must comply with the one-year statute of limitation provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>>
>>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>>
>>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In most cases—including this case—§ 2244(d)(1)(A) provides the operative date from which the one-year limitation period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under this provision, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

In this case, the limitation period began running 90 days after the Michigan Supreme Court denied Petitioner leave to appeal on June 26, 2001, which was September 25, 2001. § 2244(d)(1)(A); *see also Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (U.S. 2007) (concluding that "direct review" includes a petition for writ of certiorari to the United States Supreme Court) (citing *Clay v. United States*, 537 U.S. 522, 527–28 (2003)); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Thus, Petitioner had one year from September 25, 2001, absent tolling, to file a habeas petition. *See* Fed. R. Civ. P. 6(a) (stating that the first day for counting purposes does not include the day of the act, event, or default from which the designated period of time begins to run).

The running of the statute of limitation is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting tolling to only state, and not federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly

filed"). Stated another way, the limitation period is tolled from the time a state appeal is filed until a decision is issued by the state supreme court, assuming timely filings. *See Lawrence*, 127 S. Ct. at 1083–84 (*overruling Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003)).   In this case, the limitation period ran from September 25, 2001 until Petitioner filed his motion for relief from judgment on July 15, 2002, at which point in time 293 days in the limitation period had expired. Respondent correctly notes the Report erroneously concluded the limitation period was tolled for an additional 90 days while Petitioner had the opportunity to seek review in the United States Supreme Court. The Report's conclusion relied on *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003), which *was* the law of the Sixth Circuit for over three years. In early 2007, however, the Supreme Court overruled *Abela* in *Lawrence v. Florida*, 127 S. Ct. at 1083. *Lawrence* held that § 2244(d)(2) does not toll the time petitioners can seek a writ of certiorari in the United States Supreme Court because seeking a federal writ does not constitute "State post-conviction or other collateral review." *Id.* at 1083–84. Accordingly, the Court must recalculate the time remaining in Petitioner's limitation period due to the Report's error.

Upon the Michigan Supreme Court's ultimate denial of Petitioner's motion for relief from judgment on December 29, 2004, the limitation clock started running again. Instead of filing a habeas petition, however, Petitioner filed a second motion for relief from judgment in the Michigan trial court on January 14, 2005.[1] The Report concluded that this motion was "properly filed" for purposes of §

---

[1] Petitioner filed this motion pursuant to Michigan Court Rule 6.502(G), which provides:

(1) Except as provided in subrule (G)(2), regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction. The court shall return without filing any successive motions for relief from judgment. A defendant may not appeal the denial or rejection of a successive motion.

(2) A defendant may file a second or subsequent motion based on a

2244(d)(2) and, thus, the statute of limitation was tolled until appellate review of the motion ended with the Michigan Supreme Court denying leave to appeal on October 31, 2006.[2] As expressly stated in Michigan Court Rule 6.502(G), "[t]he Court shall return *without filing* any successive motions for relief from judgment." MCR 6.502(G) (emphasis added). It defies a coherent reading of MCR 6.502(G) to conclude that a motion, which is not filed, is "properly filed" for purposes of § 2244(d)(2). *King v. McKee*, No. 1:06-CV-911, 2007 WL 3461165, at *5 (W.D. Mich. Nov. 15, 2007) (concluding that a successive motion for relief from judgment under MCR 6.502(G) does not toll a habeas petitioner's limitation period); *see also Artuz*, 531 U.S. at 9 (finding that if "an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending* but not *properly filed*"). Therefore, Respondent's Objection has merit and the Court will not toll Petitioner's limitation period for the second motion for relief from judgment.

Petitioner's limitation period ran from December 29, 2004, until its expiration 72 days later. Thus, Petitioner's habeas petition became officially untimely as of March 11, 2006. Since the habeas petition was not filed until November 15, 2006, Petitioner failed to meet the requirements of § 2244(d)(1) by eight months. Respondent has demonstrated that due to the Report's errors, no genuine

---

retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. The clerk shall refer a successive motion that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.

[2]If the Report's characterization of the interplay between successive motions for relief from judgment and § 2244(d)(2) were correct, there would be no question that Petitioner's habeas petition was timely filed since it was filed on November 16, 2006, which was 16 days after the Michigan Supreme Court denied leave to appeal. As noted previously, Petitioner had ample time remaining in the statute of limitation since he tolled the limitation period upon the filing of his first motion for relief from judgment after it ran for only 293 days.

issues of material fact exist. Accordingly, the Court finds that Petitioner's habeas petition was filed outside the one-year statute of limitation and must be dismissed.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the Supreme Court's determinations in *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) and *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Upon review of the issues raised, the Court determines that this standard is not met as to any of the grounds for relief asserted in the Petition for Writ of Habeas Corpus because of the strong procedural reason (statue of limitation) for denying relief.

## IV. CONCLUSION

For the reasons given, a Judgment shall issue consistent with this Opinion granting summary judgment to Respondent Shirlee A. Harry due to Petitioner Jose Tello Jr.'s habeas corpus petition being time-barred by 28 U.S.C. § 2244(d)(1).

DATED in Kalamazoo, MI:       /s/ Richard Alan Enslen
    February 12, 2008       RICHARD ALAN ENSLEN
                          SENIOR UNITED STATES DISTRICT JUDGE